Rosen & Kantrow, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Fred S. Kantrow, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

        DAVID N. COHEN,

                   Debtor.

Case No.: 20-71741-ast
Chapter 7

------------------------------------------------------------x

**TRUSTEE'S APPLICATION PURSUANT TO RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING
THE ENTRY OF AN ORDER DIRECTING STIFEL NICOLAS
TO PRODUCE DOCUMENTS**

TO:    HON. ALAN S. TRUST
         UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the chapter 7 trustee (the "Trustee") herein, by and through his counsel, Rosen & Kantrow, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order, substantially in the form of the proposed Order annexed hereto, authorizing the Trustee to serve a subpoena (the "Subpoena") upon Stifel Nicolas ("Stifel" and/or the "Witness") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the production of documents; and states as follows:

**BACKGROUND**

1. On March 19, 2020 (the "Petition Date") the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. Allan B. Mendelsohn was appointed the interim Trustee and thereafter did duly qualify as the permanent case Trustee.

3. According to the Debtor's petition and schedules, on or about September, 2019, Stifel is alleged to have seized approximately $50,000 in compensation due and owing to the Debtor in connection with a pre-petition obligation.

4. Accordingly, the Trustee must review the *bona fides* of this alleged seizure to determine: (i) if the seizure may be subject to recovery as a preference payment; (ii) if the seizure may be subject to recovery as an alleged fraudulent conveyance.

## **RELIEF REQUESTED**

5. By this Application, the Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto authorizing the Trustee to serve the proposed subpoena upon the Witness.

6. Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an office of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

7. As a threshold matter, the Trustee has the absolute right to be heard in this case pursuant to 11 U.S.C. § 1109(b)("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

8. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan. *See,* Fed. R. Bankr. P. 2004(a), (c) and (d). Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

9. The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtors' estate. Specifically, the Trustee seeks, *inter alia,* information relating to the recovery of assets of the estate. Accordingly, the requested discovery is directly related to the acts, conduct or property or to the liabilities of the Debtor's estate and is appropriate under Rule 2004.

WHEREFORE, the Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and

grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
May 11, 2020

                                             Rosen & Kantrow, PLLC
                                             Counsel to the Trustee

                    BY:    S/Fred S. Kantrow
                                   Fred S. Kantrow
                                   38 New Street
                                   Huntington, New York 11743
                                   631 423 8527
                                   Fkantrow@rkdlawfirm.com