Rosen & Kantrow, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Fred S. Kantrow, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

        DAVID N. COHEN,

                  Debtor.

-----------------------------------------------------------x

Case No.: 20-71741-ast
Chapter 7

### TRUSTEE'S APPLICATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING THE ENTRY OF AN ORDER DIRECTING TEACHERS FEDERAL CREDIT UNION TO PRODUCE DOCUMENTS

TO:   HON. ALAN S. TRUTS
        UNITED STATES BANKRUPTCY JUDGE

      Allan B. Mendelsohn, the chapter 7 trustee (the "Trustee") herein, by and through his counsel, Rosen & Kantrow, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order, substantially in the form of the proposed Order annexed hereto, authorizing the Trustee to serve a subpoena (the "Subpoena") upon Teachers Federal Credit Union ("TFCU" and/or the "Witness") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the production of documents; and states as follows:

### BACKGROUND

      1.     On March 19, 2020 (the "Petition Date") the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

      2.     Allan B. Mendelsohn was appointed the interim Trustee and thereafter did duly qualify as the permanent case Trustee.

3.      In the instant case the Debtor engaged in clever pre-bankruptcy planning which enabled him, for all intents and purposes, to divest himself of significant assets. More specifically, and more troubling to the Trustee and those creditors that appear to have suffered the harm, the Debtor came into title on the real property commonly known as 2046 Ridge Road, Syosset, New York (the "Real Property") on or about October 23, 2019. Prior to that, according to the Debtor's petition and schedules, the Real Property was held in fee simple absolute by David Cohen and Susan Cohen as the Trustees of The Susan Cohen Living Trust Dated September 18, 2002 (the "Trust"). In short, it would appear that the Debtor and his non-filing spouse conspired to hinder, delay or defraud the creditors of the Debtor. When it became necessary to own the Real Property as tenants by the entirety, just a few short months prior to the Petition Date, and within two months after first consulting with bankruptcy counsel, the Debtor and his non-filing spouse transferred the Real Property back into their names. The Trustee must determine whether the actions engaged by the Debtor give rise to multiple causes of action, including but not limited to, avoidance of a fraudulent conveyance; objection to any claim of exemption in the alleged homestead and the denial of the Debtor's discharge.

4.      A review of land records maintained by the County of Nassau indicates that the Real Property remains subject to two (2) mortgages each held by TFCU. The first is a mortgage in the face amount of $600,000 which was granted by the Trust on or about September 22, 2014. The second is a credit line mortgage in the face amount of $100,000 which was granted by the Trust on or about April 24, 2015.

5.      The Trustee must determine if these mortgages granted by the Trust are in fact

valid encumbrances given the facts and circumstances herein. If these mortgages are avoidable for the benefit of the creditors of the estate, the Trustee has a fiduciary obligation to move to set them aside.

6. For these reasons, the Trustee seeks an Order to authorize the service of the proposed subpoena.

**RELIEF REQUESTED**

7. By this Application, the Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto authorizing the Trustee to serve the proposed subpoena upon the Witness.

8. Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an office of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

9. As a threshold matter, the Trustee has the absolute right to be heard in this case pursuant to 11 U.S.C. § 1109(b)("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

10. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan. *See,* Fed. R. Bankr. P. 2004(a), (c) and (d). Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

11. The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtors' estate. Specifically, the Trustee seeks, *inter alia,* information relating to the recovery of assets of the estate. Accordingly, the requested discovery is directly related to the acts, conduct or property or to the liabilities of the Debtor's estate and is appropriate under Rule 2004.

WHEREFORE, the Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and

circumstances herein.

Dated: Huntington, New York
       May 11, 2020

                                      Rosen & Kantrow, PLLC
                                      Counsel to the Trustee

                    BY:    <u>S/Fred S. Kantrow</u>
                                      Fred S. Kantrow
                                      38 New Street
                                      Huntington, New York 11743
                                      631 423 8527
                                      Fkantrow@rkdlawfirm.com